UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANG NENG VANG,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX ICE DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-07859-DAD-CKD<br><br>ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 3) |

On September 24, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting his immediate release from custody. (Doc. No. 3.)

On September 25, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In addition, the court temporarily enjoined petitioner's transfer or removal in order to maintain the status quo pending the court's forthcoming order resolving petitioner's motion for temporary restraining order. (*Id.*)

/////

On September 29, 2026 respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) Respondents concede that petitioner was ordered removed to Laos on March 30, 2000 and was subsequently released on an order of supervision ("OSUP"). (Doc. No. 8-3 at 1–2.) On July 2, 2026, ICE obtained a travel document which permitted petitioner's removal to Laos. (Doc. No. 8-4 at 1.) Petitioner was then re-detained on September 14, 2026 to effect his removal no later than September 30, 2026. (Doc. No. 8-5 at 1–2.) Respondent's counsel states that because of this court's temporary order enjoining petitioner's removal, respondent was unable to remove petitioner, and ICE has requested an updated travel document. (Doc. 8 at 4.) Respondent argues that there is a significant likelihood of removal in the reasonably foreseeable future and petitioner's continued detention is therefore justified.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

"The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C. § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of any order of removal." *Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025). "Supervised release and any revocation of such release thereafter is governed by either 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13." *Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-cv-2111-JES-DEB, 2025 WL 2988356, at * 2 (S.D. Cal. Oct. 23, 2025). Section 241.4(l) states that release may be revoked when, among other things, it is appropriate to enforce a removal order. Section 241.13(i) also states that release may be revoked when, among other things, there is a significant likelihood that the noncitizen may be removed in the reasonably foreseeable future.

Here, the court finds that petitioner is not likely to succeed on the merits of his claims because it appears that there is a significant likelihood of his removal in the reasonably foreseeable future in light of the fact that respondent detained petitioner when it was possession of travel document which would allow petitioner to be removed to Laos, and respondent has already re-requested a new travel document for that purpose.[1]

For the reasons above,

1. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED;
2. The court DISSOLVES its prior order temporarily enjoining petitioner's transfer or removal (Doc. No. 7); and
3. This matter is REFERRED to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **October 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

[1] The court notes that if petitioner is not expeditiously removed, he may file a renewed request for his immediate release properly alleging a claim that his removal is not significantly likely in the reasonably foreseeable future and by making an appropriate showing in support of that claim.