UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANG NENG VANG,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX ICE DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-07859-DAD-CKD<br><br>ORDER RELATING, REASSIGNING AND CONSOLIDATING CASES; CONSTRUING THE SECOND-FILED HABEAS PETITION AS A MOTION TO AMEND; AND SETTING A BREIFING SCHEDULE AS TO THAT MOTION |
| YANG NENG VANG,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX ICE DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-08260-TLN-JDP<br><br>**New Case No. 1:26-cv-08260-DAD-CKD** |

An examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123(a). Accordingly, assignment of the above-captioned actions to the same district judge and magistrate judge will promote substantial efficiency and economy for the court and is likely to be convenient for the parties. The local rules of this district authorize the judge with the lowest numbered case to order the reassignment of any higher numbered cases to

himself or herself, upon determining that this assignment is likely to effect a savings of judicial effort. L.R. 123(c).

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In exercising its discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

Such good cause appearing here, the court will order that Case No. 1:26-cv-08260-TLN-JDP shall be reassigned to the undersigned and Magistrate Judge Carolyn K. Delaney. The caption on documents filed in the reassigned case shall be shown as: 1:26-cv-08260-DAD-CKD. Further, the court finds that the above-captioned actions involve the same or similar parties, claims, and questions of fact or law, and that consolidation will avoid unnecessary costs and duplication of proceedings. Thus, good cause exists to consolidate these cases.

Finally, "where a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." *Woods v. Carey*, 525 F.3d 886, 888–90 (9th Cir. 2008). Accordingly, the court will construe the second-filed petition as a motion to amend the pending petition.

Accordingly,

1. Case No. 1:26-cv-08260-TLN-JDP shall be reassigned to the undersigned and Magistrate Judge Carolyn K. Delaney;
    a. The caption on documents filed in the reassigned case shall be shown as: 1:26-cv-08260-DAD-CKD;
2. The Clerk of the Court is directed make appropriate adjustment in the assignment of civil cases to compensate for this reassignment;
3. The above-referenced cases shall be consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a);

4. Going forward, the parties and the Clerk of the Court are directed to file documents under only the lead case number. Future captions should indicate the lead case number followed by the member case number as follows:

**Lead Case:** **1:26-cv-07859-DAD-CKD**

**Member Case:** **1:26-cv-08260-DAD-CKD**

5. The court RETAINS 1:26-cv-07859-DAD-CKD and revokes the prior referral to the assigned magistrate judge pursuant to Local Rule 302(d);

6. The court CONSTRUES the second-filed *habeas* petition (1:26-cv-08260-DAD-CKD Doc. No. 1) as a motion to amend the pending petition;

7. Respondent shall file an opposition or statement of non-opposition to petitioner's motion to amend the petition no later than October 19, 2026; and

8. The court DISSOLVES the prior order temporarily enjoining petitioner's transfer or removal (Member Case Doc. No. 5).

IT IS SO ORDERED.

Dated: **October 15, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE